IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACTUATE CORPORATION, a<br>California Corporation, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2618-G-BN |
| | § | |
| FEDERATED MUTUAL INSURANCE<br>COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## STANDING ORDER ON DISCOVERY MOTIONS

This order governs the filing and disposition of all discovery-related motions in this case.

1.      **Informal Resolution of Pretrial Disputes.** The Court encourages the informal resolution of all contested discovery disputes. To this end, the Court welcomes the parties' scheduling a telephone conference with the magistrate judge before any discovery-related motions are filed. This is not an invitation to engage in *ex parte* communications or obtain advisory rulings from the Court. Rather, it is an attempt to resolve relatively simple and straightforward disputes in an efficient and cost-effective manner. Some examples include: (a) problems or issues that arise during depositions, such excessive objections or a witness's refusal to answer questions; (b) disagreements over the interpretation or effect of prior court orders; (c) extending discovery-related deadlines or other scheduling matters; and (d) emergency situations that require immediate judicial intervention. This list is not exhaustive. However, an informal

telephone conference should be used only when the parties have a legitimate disagreement over a non-substantive issue that can be resolved in a summary fashion.

2.  **Pre-Motion Conference.** No discovery-related motion shall be filed unless the party seeking relief first confers by telephone or meets face-to-face with the party or parties affected by the motion, including, where applicable, co-plaintiffs or co-defendants. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988); *accord* FED. R. CIV. P. 26(c)(1); FED. R. CIV. P. 37(a)(1); N.D. TEX. L. CIV. R. 7.l(a); *cf. MMAR Group, Inc. v. Dow Jones & Co., Inc.*, 187 F.R.D. 282, 290 (S.D. Tex. 1999) (noting "this Court's practice to encourage parties to cooperate at every stage of the pretrial discovery process and to make liberal, voluntary productions of evidence and other tangible items that may lead to the discovery of evidence"); *Alvarez v. Wallace*, 107 F.R.D. 658, 659 (W.D. Tex. 1985) ("With respect to the discovery process, [c]ooperation among counsel is not only helpful, but required, and the court has a duty to insure that cooperation is forthcoming." (internal quotation marks omitted)). If a party is represented by counsel, the attorney must participate in the pre-motion conference. Otherwise, the unrepresented party must participate in the conference. A conference shall be held within three business days after a request is made, unless the parties agree otherwise.

Counsel have "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990). If a conference is requested in connection with a dispute involving written

discovery, the parties should focus their discussions on the substantive information and documents that are made the basis or focus of the written discovery request. In other words, a party served with written discovery should fully answer each interrogatory or document request, subject to any objections, and affirmatively indicate whether any responsive information or documents have been withheld. A privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection. *See* FED. R. CIV. P. 26(b)(5). The party propounding discovery should not persist in opposing any objections if the responding party has produced or provided all responsive information and documents. Any attorneys or parties who fail to comply with these guidelines or make themselves available for a pre-motion conference upon request will be subject to sanctions.

3.   **Joint Status Report.** A joint status report must be attached to any contested discovery-related motion. This report must contain the following information: (a) the names of the attorneys or unrepresented parties who participated in the pre-motion conference; (b) the date the conference was held and the amount of time during which the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined by the Court; and (e) a detailed explanation of why agreement could not be reached as to those matters. Unless the parties agree otherwise, the parties must prepare the joint status report within three business days of the pre-motion conference. The joint status report must be signed by all attorneys and unrepresented parties who participated in the conference. If an

attorney or unrepresented party is unavailable for signature, the unavailable attorney or unrepresented party may grant his or her permission for another attorney or unrepresented party to sign the joint status report on his or her behalf, as long as this permission is reflected on the report. Any counsel for a party and any unrepresented party who fails to cooperate in the joint status report's preparation or fails to sign the report, or provide for signature by permission, will be subject to sanctions.

The Court intends the joint status report to enable the Court to determine each party's respective positions regarding the subject matter of a pretrial dispute in a single written submission. To this end, the parties should present in the body of the report all arguments and authorities on which each party relies. The parties must submit any supporting evidence and affidavits in a separate appendix. The arguments, authorities, and evidence on which a party relies must be provided to the opposing party before the parties finalize and sign the joint status report. If any party seeks to submit further briefing before the Court decides any unresolved matters, the joint status report must explain why the party requesting further briefing could not fully present any arguments and authorities in the report. The Court, in its discretion, may allow further briefing upon any party's request.

4.   **Filing, Service, and Status of Motions.** All discovery-related motions must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide. A copy of any motion, pleading, response, or brief that is over 25 pages in length and of any appendix containing documentary materials shall be hand delivered to the district

clerk's office, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, no later than the next business day after the document is filed. The requirements of Local Civil Rules 7.1(d), 7.1(e), and 7.1(f) do not apply.

If any discovery-related motion is pending and the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Vila Fisher in the district clerk's office, at (214) 753-2165, that such discussions are ongoing.

5.   **Responsive Pleadings.** The Court will resolve most discovery-related motions on an expedited basis without a formal response and will do so based on the arguments and evidence presented in the joint status report and appendix. In some cases, the Court may allow or direct the parties to file a response and reply. Typically, responsive filings will be allowed only if the motion involves discrete legal issues necessitating further briefing or is dependent on evidence outside the record. In the event that the Court permits a written response and reply, a briefing schedule will be established by separate order. Unless permitted by a separately-ordered briefing schedule, no party may file any response or reply or supplemental pleadings, briefs, authorities, or evidence in connection with any discovery-related motion.

6.   **Hearings.** The Court will decide most discovery-related motions based solely on the joint status report and any accompanying evidence. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the Court, on its own initiative or upon any party's request, may in its discretion schedule oral argument prior to ruling on the motion.

The parties should advise the Court in the joint status report if they believe that oral argument would be particularly helpful in a given matter. With regard to possible oral argument, the undersigned notes a trend today in which fewer cases go to trial and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed significantly to the underlying motion or response. In those instances in which the undersigned is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case. Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

7.    **Orders.** The Court will decide discovery-related motions by written order. If the motion is uncontested or agreement is reached after the motion is filed, the Court will require the parties to submit an agreed order to the Court for approval and entry.

If the motion is decided after a hearing, the Court will require the parties to submit an order approved as to form based on the Court's ruling. Proposed orders must be submitted electronically to Horan_Orders@txnd.uscourts.gov. A copy of the proposed order must be hand delivered to the district clerk's office, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, no later than the next business day after the proposed order is submitted electronically. Any proposed order submitted to the Court, either electronically or in hard copy form, must be signed by all counsel of record and any unrepresented parties. If an attorney or unrepresented party is unavailable for a signature, the unavailable attorney or unrepresented party may grant his or her permission for another attorney or unrepresented party to sign the document on his or her behalf, as long as this permission is reflected on the proposed order. Unsigned orders will not be accepted. The failure to submit a proposed order in proper form may result in the imposition of sanctions.

8.    **Questions.** Please note that deadlines in this order are for filing or delivery and are not mailing dates. Any questions concerning the requirements of this order or the status of any discovery-related motion may be directed to Vila Fisher in the district clerk's office at (214) 753-2165. Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

9.    **Noncompliance.** If a movant fails to comply with any part of this order in connection with a discovery-related motion or if the joint status report or agreed order is not timely filed or submitted as required in connection with a discovery-related motion, the motion will be subject to being denied or stricken, without further notice,

for failure to comply with this order. The parties are further warned that failing to comply with any part of this order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f).

      SO ORDERED.

      DATED: July 25, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE